**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Adrian A. WASHINGTON, Defendant–Appellant.**

No. 11–30329.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2012.*

Filed Aug. 13, 2012.

Stephanie A. Van Marter, USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Susan H. Black, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

Philip Edward Nino, Spokane, WA, for Defendant–Appellant.

Before: BLACK,\*\* GRABER, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

ROBERT H. WHALEY, Senior District Judge.

Defendant Adrian A. Washington appeals his conviction for possession of a firearm by a convicted felon, claiming the district court erred by denying his motion for a *Franks* hearing. We review Washington's challenge de novo, *see United States v. Flyer*, 633 F.3d 911, 916 (9th Cir.2011), and affirm.

To receive an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the defendant must make a substantial showing that the government intentionally or recklessly omitted or falsified information and that such information was material to a finding of probable cause. *United States v. Garcia–Cruz*, 978 F.2d 537, 541 (9th Cir.1992). If, after the alleged falsehoods are excised and the alleged omissions are included, an affidavit would still provide a basis for a finding of probable cause, the errors and omissions are immaterial. *Id.*

Washington challenges an affidavit supporting a warrant to search his home for

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence of a drive-by shooting. Washington claims the affiant intentionally or recklessly stated that his prior arrest for first-degree assault involved a gun, when it in fact involved a knife. This claim is immaterial because even if the disputed text is excised, the affidavit contains sufficient facts for a finding of probable cause. Specifically, the affidavit contains the following undisputed facts: (1) the victim of a drive-by shooting described his attackers as two men in a silver 2000 Mercedes–Benz; (2) officers located a silver 1999 Mercedes–Benz with two shell casings resting on the driver's-side wiper blade; (3) the shell casings were similar to those found at the scene of the shooting; (4) the vehicle was registered to Washington and parked at Washington's address; (5) Washington had previously been arrested for first-degree assault; (6) Washington's brother contacted law enforcement and claimed he committed the drive-by in Washington's car as retaliation for an assault. These facts "reveal[ ] a fair probability that contraband or evidence" of the drive-by would be found at Washington's home. *United States v. Celestine*, 324 F.3d 1095, 1102 (9th Cir. 2003).

Washington also alleges that the affiant intentionally or recklessly omitted (1) additional details regarding the confession by Washington's brother; (2) witness speculation regarding other possible suspects; and (3) a telephone call made by Washington to the police three hours after the shooting. The inclusion of the alleged omissions does not vitiate probable cause when considered with the undisputed facts.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Accordingly, a *Franks* hearing is unwarranted.

AFFIRMED.